UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ROGERS,<br><br>                Plaintiff,<br><br>  -against-<br><br>PRAYOSHA 3192 INC. d/b/a BROADWAY DELI & GRILL; and BROADWAY 21 STREET LLC,<br><br>                Defendants. | Case No. 16-cv-3921<br><br><br>**COMPLAINT** |

Plaintiff ERIC ROGERS ("Plaintiff"), by and through the undersigned counsel, hereby commences this action against Defendants PRAYOSHA 3192 INC. d/b/a BROADWAY DELI & GRILL and BROADWAY 21 STREET LLC (collectively "Defendants"), seeking injunctive relief, compensatory damages and statutory relief, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), the New York City Human Rights Law (the "NYCHRL") and the New York Civil Rights Law (the "NYCRL"), and alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction over Plaintiff's claim under the ADA pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     This Court has supplemental jurisdiction over Plaintiff's claims under the NYSHRL, the NYCHRL and the NYCRL pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiff's claim under the ADA that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff ERIC ROGERS is an individual who resides in Queens, New York. Plaintiff is a paraplegic and uses a wheelchair for mobility, and as such is a person with a disability within the meaning of the ADA, the NYSHRL, the NYCHRL and the NYCRL.

5. Upon information and belief, Defendant PRAYOSHA 3192 INC. d/b/a BROADWAY DELI & GRILL is a New York domestic business corporation with an address at 31-92 21st Street, Astoria, New York 11106, and transacts business in the State of New York and within this judicial district. Upon information and belief, PRAYOSHA 3192 INC. is the lessee of the real property and building (the "Facility") located at 31-92 21st Street, Astoria, New York 11106, where PRAYOSHA 3192 INC. operates an establishment serving food and drinks under the name Broadway Deli & Grill.

6. Upon information and belief, Defendant BROADWAY 21 STREET LLC is a New York domestic limited liability company with an address at 165 Williams Avenue, Brooklyn, New York 11207, and transacts business in the State of New York and within this judicial district. Upon information and belief, BROADWAY 21 STREET LLC is the owner and lessor of the Facility.

## FIRST CLAIM FOR RELIEF
### (AMERICANS WITH DISABILITIES ACT)

7. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth in their entirety here.

8. On June 26, 1990, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights statute prohibiting discrimination on the basis of disability, was signed into law.

9. In enacting the ADA, Congress found that:

(i) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(v) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and

(vi) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(vii) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

  (viii) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a).

10. Congress stated that the purpose of the ADA was:

  (i) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (ii) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

  (iii) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

  (iv) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

11. Title III of the ADA, 42 U.S.C. §§ 12181-89, addresses discrimination against individuals with disabilities by places of public accommodations, which include businesses open to the public such as shops, restaurants, bars, movie theaters and places of exercise or recreation. Title III provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

12. Discrimination prohibited by Title III includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(a)(iv); *see also* 28 C.F.R.

§ 36.304.  "[W]here an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable" is likewise a violation of Title III.  42 U.S.C. § 12182(b)(2)(a)(v); *see also* 28 C.F.R. § 36.305.

13. Newly constructed or altered public accommodation facilities are required to comply with the ADA Standards for Accessible Design adopted by the United States Department of Justice ("DOJ") as part of its regulations implementing Title III.  42 U.S.C. § 12183(a).  In addition, public accommodations are also generally required to comply with the Standards for Accessible Design in fulfilling their obligations to remove architectural barriers in existing facilities where such removal is readily achievable.  28 C.F.R. § 36.304(d).

14. As required by 42 U.S.C. § 12186(b), on July 26, 1991, the DOJ promulgated regulations to carry out the provisions of Title III.  The current version of the Title III regulations is set forth at 28 C.F.R. Part 36.

15. Included in the DOJ regulations issued in 1991 were the initial Standards for Accessible Design (the "1991 Standards").  On September 15, 2010, the DOJ issued new regulations adopting revised Standards for Accessible Design (the "2010 Standards").  In general, new construction and alterations that commenced between January 26, 1993, and September 14, 2010, were required to comply with the 1991 Standards.  28 C.F.R. § 36.406(a)(1).  New construction and alterations that commenced between September 15, 2010 and March 14, 2012, were required to comply with either the 1991 Standards or the 2010 Standards.  28 C.F.R. § 36.406(a)(2).  New construction and alterations that commence on or after March 15, 2012, are required to comply with the 2010 Standards.  28 C.F.R. § 36.406(a)(3).

16. The ADA authorizes a person who is being subjected to discrimination in violation of Title III to commence a private action for injunctive relief. 42 U.S.C. § 12188(a); 28 C.F.R. § 36.501; *see also* 42 U.S.C. § 2003a-3. The relief that may be obtained "include[s] an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b). In such an action the court has discretion to award the prevailing party a reasonable attorney's fee, including litigation expenses, and costs. 42 U.S.C. § 12205; 28 C.F.R. § 36.505.

17. The Facility, which operates as a food and drink establishment under the name Broadway Deli & Grill, is a "place of public accommodation" and a "commercial facility" within the meaning of Title III of the ADA. 42 U.S.C. § 12181(2); 28 C.F.R. § 36.104.

18. Defendant PRAYOSHA 3192 INC., as the lessee and operator of the Facility, is a "public accommodation" and therefore subject to the requirements of Title III. 42 U.S.C. § 12181(7); 28 C.F.R. §§ 36.104, 36.201(b).

19. Defendant BROADWAY 21 STREET LLC, as the owner and lessor of the Facility is a "public accommodation" and therefore subject to the requirements of Title III. 42 U.S.C. § 12181(7); 28 C.F.R. §§ 36.104, 36.201(b).

20. The Facility is required to be, but is not, in compliance with the requirements of Title III of the ADA, including the Standards for Accessible Design.

21. In June of 2016, Plaintiff visited Broadway Deli & Grill as a customer. Because the Facility is not in compliance with the requirements of Title III of the ADA, Plaintiff has been discriminated against by Defendants on the basis of his disability and has been deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered by Broadway Deli & Grill.

22. A specific, although not exhaustive, list of unlawful architectural barriers which Plaintiff has experienced and/or observed and which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or impair Plaintiff's right to full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility, includes:

**Accessible Elements**

a. The interior of the Facility has sales and services counters that lack any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of section 904.4 of the 2010 Standards. *See also* 1991 Standards § 7.2(1). This violation makes it difficult for Plaintiff to properly transact business at the Facility.

b. The interior of the Facility has walking surfaces that lack a 36-inch clear width in violation of section 403.5.1 of the 2010 Standards. *See also* 1991 Standards § 4.3.3. Specifically, the accessible route to the restroom is too narrow. This violation makes it difficult for Plaintiff to properly utilize public features at the Facility.

c. One or more accessible entrances has a doorway threshold higher than 1/2 inch in violation of section 404.2.5 of the 2010 Standards. *See also* 1991 Standards § 4.13.8. This violation makes it dangerous and difficult for Plaintiff to access the Facility.

d. The floor or ground surface in the vicinity of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 Standards. *See also* 1991 Standards § 4.13.6. This violation makes it difficult for Plaintiff to access the Facility.

e. There are changes in level in the floor or ground surface of the Facility exceeding 1/2 inch that are not ramped in violation of section 303.4 of the 2010 Standards. *See also* 1991 Standards §§ 4.3.8, 4.5.2. Specifically, the accessible route to the accessible

entrance of the Facility has a step with a 5-inch vertical rise that is not ramped. This violation makes it dangerous and difficult for Plaintiff to access the Facility.

**Restrooms**

    f. The door to the Facility's restroom has a clear width of less than 32 inches in violation of section 404.2.3 of the 2010 Standards. *See also* 1991 Standards § 4.13.5. This makes it difficult for Plaintiff to safely utilize the restroom facilities.

    g. The door to the Facility's restroom lacks a proper minimum maneuvering clearance in violation of section 404.2.4 of the 2010 Standards. *See also* 1991 Standards § 4.13.6. This makes it difficult for Plaintiff to safely utilize the restroom facilities.

    h. The Facility lacks restroom signage in compliance with sections 216.8 and 703 of the 2010 Standards. *See also* 1991 Standards § 4.30. This makes it difficult for Plaintiff to locate accessible restroom facilities.

    i. The Facility's restroom lacks proper door hardware in violation of section 404.2.7 of the 2010 Standards. *See also* 1991 Standards § 4.13.9. This makes it difficult for Plaintiff to utilize the restroom facilities.

    j. The Facility's restroom has inadequate clear turning space in violation of section 603.2.1 of the 2010 Standards. *See also* 1991 Standards §§ 4.22.3, 4.23.3. This makes it difficult for Plaintiff to safely utilize the restroom facilities.

    k. The grab bars/handrails adjacent to the toilet are missing or otherwise violate section 604.5 of the 2010 Standards. *See also* 1991 Standards §§ 4.16.4, 4.17.6. This makes it difficult for Plaintiff to safely utilize the restroom facilities.

  l. The Facility's restroom has a lavatory with inadequate knee and toe clearance in violation of sections 306 and 606.2 of the 2010 Standards.  *See also* 1991 Standards § 4.19.2.  This makes it difficult for Plaintiff to safely utilize the restroom facilities.

  m. The mirror in the Facility's restroom is higher than permitted by section 603.3 of the 2010 Standards.  *See also* 1991 Standards § 4.19.6.  This violation makes it difficult for the Plaintiff to properly utilize the restroom facilities.

  n. The toilet paper dispenser in the Facility's restroom is not positioned properly as it is located on the back of the toilet in violation of section 604.7 of the 2010 Standards.  *See also* 1991 Standards § 4.16.6.  This makes it difficult for Plaintiff to properly utilize the restroom facilities.

  o. The light switch in the Facility's restroom is higher than 48 inches from the finished floor in violation of section 308.2.1 of the 2010 Standards.  *See also* 1991 Standards § 4.25.  This makes it difficult for Plaintiff to utilize the restroom facilities.

  23. Upon information and belief, removal of these architectural barriers is readily achievable within the meaning of the ADA because such removal is easily accomplishable and able to be carried out without much difficulty or expense.

  24. Upon information and belief, the Facility has been altered since January 26, 1993, and the Facility is therefore subject to the 1991 Standards or the 2010 Standards.

  25. In addition to the aforementioned violations, the Facility has a sign stating that the restroom is for employees only, but its employees have permitted able-bodied persons to enter and use the restroom facilities.  Insofar as Defendants have a policy or practice of permitting restroom access to able-bodies persons but denying such access to disabled persons, Plaintiff is

being subjected to further discrimination based on his disability in violation of Title III of the ADA.

26. The above list of violations is not to be considered all-inclusive of the barriers, conditions and violations encountered by Plaintiff and which exist at the Facility in violation of Title III of the ADA. Plaintiff requires an inspection of the Facility in order to determine whether additional violations of the ADA exist.

27. Plaintiff wishes to visit the Facility – which is approximately seven miles from his residence – again within six months or sooner. However, Plaintiff will continue to be subject to continued deprivation of the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered by Broadway Deli & Grill until the architectural barriers and other ADA violations are eliminated from the Facility. For the same reason, Plaintiff has been and continues to be deterred from patronizing Broadway Deli & Grill.

28. Defendants have discriminated against Plaintiff based on his disability by denying him full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility, including by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff unless and until Defendants are compelled to remove all such barriers and other ADA violations that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

29. Plaintiff is without an adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the architectural barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein. The relief requested will

serve the public interest and the benefit to Plaintiff and the public will far outweigh any detriment to Defendants. Under 42 U.S.C. § 12188(a), Plaintiff is entitled to injunctive relief to prevent Defendants from continuing to discriminate against him in violation of Title III of the ADA.

30. Plaintiff has been obligated to retain the undersigned counsel to file and prosecute this action. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to recover his reasonable attorney's fees, litigation expenses and costs from Defendants.

### SECOND CLAIM FOR RELIEF

### (NEW YORK STATE HUMAN RIGHTS LAW)

31. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth in their entirety here.

32. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

N.Y. Exec. Law § 296(2)(a).

33. The NYSHRL defines "discriminatory practice" to include "a refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable." N.Y. Exec. Law § 296(2)(c)(iii).

34. The NYSHRL further provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate

jurisdiction for damages . . . and such other remedies as may be appropriate." N.Y. Exec. Law § 297(9).

35. The Facility is a "place of public accommodation" within the meaning of the NYSHRL. N.Y. Exec. Law § 292(9).

36. Defendant PRAYOSHA 3192 INC., as the lessee and/or proprietor of the Facility, is subject to the requirements of N.Y. Exec. Law § 296(2)(a).

37. Defendant BROADWAY 21 STREET LLC, as the owner and/or proprietor of the Facility is subject to the requirements of N.Y. Exec. Law § 296(2)(a).

38. Defendants have and continue to discriminate against Plaintiff by denying him equal enjoyment of the accommodations, advantages, facilities and privileges of the Facility because of his disability, causing Plaintiff mental and emotional distress.

39. Under N.Y. Exec. Law § 297(9), Plaintiff is entitled to an award of compensatory damages in the amount of $1,000, and to injunctive relief to prevent Defendants from continuing to discriminate against him in violation of the NYSHRL.

## THIRD CLAIM FOR RELIEF

### (NEW YORK CITY HUMAN RIGHTS LAW)

40. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth in their entirety here.

41. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived . . . disability . . . of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

N.Y.C. Admin. Code § 8-107(4)(a).

42. The NYCHRL further provides that "any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate." N.Y.C. Admin. Code § 8-502(a). In such an action, "the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs." N.Y.C. Admin. Code § 8-502(g).

43. The Facility is a "place or provider of public accommodation" within the meaning of the NYCHRL. N.Y.C. Admin. Code § 8-102(9).

44. Defendant PRAYOSHA 3192 INC., as the lessee and/or proprietor of the Facility, is subject to the requirements of N.Y.C. Admin. Code § 8-502(g).

45. Defendant BROADWAY 21 STREET LLC, as the owner and/or proprietor of the Facility is subject to the requirements of N.Y.C. Admin. Code § 8-502(g).

46. Defendants have and continue to discriminate against Plaintiff by denying him equal enjoyment of the accommodations, advantages, facilities and privileges of the Facility because of his disability, causing Plaintiff mental and emotional distress.

47. Under N.Y.C. Admin. Code § 8-502(a), Plaintiff is entitled to an award of compensatory damages in the amount of $1,000, and to injunctive relief to prevent Defendants from continuing to discriminate against him in violation of the NYCHRL.

48. Plaintiff has been obligated to retain the undersigned counsel to file and prosecute this action. Pursuant to N.Y.C. Admin. Code § 8-502(g), Plaintiff is entitled to recover his reasonable attorney's fees, litigation expenses and costs from Defendants.

## FOURTH CLAIM FOR RELIEF

## (NEW YORK CIVIL RIGHTS LAW)

49. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth in their entirety here.

50. The New York Civil Rights Law provides: "No person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any other person or by any firm, corporation or institution . . . ." N.Y. Civil Rights Law § 40-c(2).

51. The NYCRL further provides that "[a]ny person who shall violate any of the provisions of [section 40-c], or who shall aid . . . the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. Civil Rights Law § 40-d.

52. Defendants have and continue to discriminate against Plaintiff in his civil rights by denying him equal enjoyment of the accommodations, advantages, facilities and privileges of the Facility because of his disability.

53. Under N.Y. Civil Rights Law § 40-d, Plaintiff is entitled to an award of statutory damages in the amount of $500.

54. Plaintiff has complied with New York Civil Rights Law § 40-d by serving notice of this action upon the New York Attorney General.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants:

(1) Ordering Defendants to remove the architectural barriers to access and to alter the subject Facility to make it readily accessible to and useable by Plaintiff to the extent required by the ADA, the NYSHRL and the NYCHRL, and permanently enjoining Defendants from continuing their practices that discriminate against Plaintiff as an individual with a disability in violation of the ADA, the NYSHRL and the NYCHRL;

(2) Awarding Plaintiff compensatory damages in the amount of $1,000 pursuant to the NYSHRL and the NYCHRL;

(3) Awarding Plaintiff statutory damages in the amount of $500 pursuant to the NYCRL;

(4) Awarding Plaintiff his reasonable attorney's fees, litigation expenses and costs pursuant to the ADA and the NYCHRL; and

(5) Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 14, 2016

                            s/ Deon J. Nossel
                            _____
                            By: Deon J. Nossel
                            *Attorney for Plaintiff*
                            253 West 72nd Street, #507
                            New York, New York 10023
                            (917) 817-2430
                            deon.nossel@gmail.com